IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 22-CR-0001-CJW |
| vs. | ) |
| DOUG HARGRAVE, | ) |
| Defendant. | ) |

**GOVERNMENT'S RESISTANCE TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

**I.   INTRODUCTION**

The government resists defendant's Motion for Release Pending Appeal, ("Motion") (Doc. 48).

**II.   RELEVANT PRIOR PROCEEDINGS**

On January 26, 2022, defendant pled guilty to a one-count Information charging him with Bank Fraud, in violation of 18 U.S.C. § 1344. (Doc. 2, 10). On February 16, 2023, the Court sentenced defendant to 15 months' imprisonment. (Doc. 42, 44). The Court granted defendant the privilege of self-surrender to the Bureau of Prisons. (Doc. 44 at 2).

On February 28, 2023, defendant filed the Motion. On the same date, defendant appealed. (Doc. 47). The government now files the instant resistance to the Motion.

1

### III. ARGUMENT

The Bail Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1976 (codified at 18 U.S.C. § 3143(b)), discourages the release of convicts pending their appeals. The Eighth Circuit Court of Appeals has observed:

> Under prior law, release on bail pending appeal was the normal practice. It was the rule, not the exception, and there was a presumption in favor of release. So far as presently pertinent, the Bail Reform Act of 1966, § 3(a), 80 Stat. 214, 215–16 (formerly codified as 18 U.S.C. § 3148), required that bail be granted unless "it appears that an appeal is frivolous or taken for delay." Congress passed the new law because it was unhappy with the old one. "The change . . . requires an affirmative finding that the chance for reversal is substantial. This gives recognition to the basic principle that a conviction is presumed to be correct." S. Rep. No. 98–225, 98th Cong., 1st Sess. 27 (1983), U.S. Code Cong. & Admin. News27 (1983), U.S. Code Cong. & Admin. News 1984, pp. 3182, 3210. Further, under the prior law the government had to show, if it wanted bail denied, that the appeal was frivolous or taken for delay. (See advisory notes to former Rule 9(c) of the Federal Rules of Appellate Procedure.) Rule 9(c) of the Federal Rules of Appellate Procedure was amended by Section 210 of Pub. L. No. 98–473, 98 Stat. 1987, to conform with the new Section 3143(b). But under the new law, "the burden of showing the merit of the appeal should now rest with the defendant." S. Rep. No. 98–225, *supra,* at 27 n. 86.

*United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc).

The relevant portion[1] of the Bail Reform Act of 1984, which is still in force today, provides:

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term

---

[1] For purposes of the Motion, the government does not dispute that defendant is not likely to flee or pose a danger to the safety of another person or the community. The government also does not allege that the appeal is brought for the purpose of delay.

2

of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

. . .

(B)    that the appeal . . . raises a substantial question of law or fact likely to result in—

    (i)    reversal,

    (ii)    an order for a new trial,

    (iii)    a sentence that does not include a term of imprisonment, or

    (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1).

In *Powell*, the Eighth Circuit construed section 3143 as a two-part test. The Court wrote,

> To sum up: We hold that a defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way. It is not sufficient to show simply that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still "reasonable") or that the issue is fairly debatable or not frivolous. On the other hand, the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal. If this part of the test is satisfied, the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's

3

favor. In deciding whether this part of the burden has been satisfied, the court or judge to whom application for bail is made must assume that the substantial question presented will go the other way on appeal and then assess the impact of such assumed error on the conviction. This standard will, we think, carry out the manifest purpose of Congress to reduce substantially the numbers of convicted persons released on bail pending appeal, without eliminating such release entirely or limiting it to a negligible number of appellants.

*Powell*, 761 F.2d at 1233-34. The Court also added:

The formulation is inexact—though probably less so than prior law—, but we think experienced judges and lawyers will find it reasonably easy to apply. Bail will be less frequent; it will be the exception, not the rule. That may not be wise policy. Certainly it is not what we are accustomed to. But it is the command of the sovereign, expressed by the people's elected representatives, and we are obliged to receive and apply it hospitably.

*Id.* at 1232.

Here, defendant cannot carry his burden to show his appeal raises a substantial question of law or fact likely to result in a lower sentence under section 3143. At the time of sentencing, the Court correctly found that the government proved by a preponderance of the evidence that a fourteen-level increase under USSG §2B1.1(b)(1)(H) applied based on a loss amount of more than $550,000 but less than $1,500,000. This was not a close call.

By any possible appropriate calculation, the loss amount in this case falls within the range for the fourteen-level enhancement. (Doc. 37-2 at 10-18). Defendant initially argued that loss should be calculated as $700,000 in fraudulent loan distributions and then reduced to $13,803.49 through a profit and loss line-item analysis of his own invention. (Doc. 31-1 at 22). The day before the sentencing hearing, defendant proffered a new loss argument, which he also made

4

at the sentencing hearing. (Doc. 41 at 7-8). He asserted that the loss was zero because the $757,768.75 the lending bank recovered should be credited against $700,000 in fraudulent disbursements. *Id.* Defendant cited no case law in support of either of his arguments. The Court properly rejected these claims and imposed the fourteen-level enhancement.

Defendant argues "it is possible for an appellate decision to issue" in his favor. Motion at 3. That is not the standard. The mere possibility of a favorable decision does not satisfy section 3143(b). As the *Powell* court determined, "[i]t is not sufficient to show simply that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still 'reasonable') or that the issue is fairly debatable or not frivolous." 761 F.2d at 1233-34. Defendant must show that the issue for appeal "is a close question or one that could go either way." *See id.* at 1233.

For the first time, defendant cites cases in support of his loss calculations. Motion at 3-4. None are apposite.

In *United States v. Haddock*, the Tenth Circuit Court of Appeals reversed because the district court had not conducted an appropriate analysis of actual or intended loss under USSG §2F1.1 as decided by the court in a decision that had been issued after the defendant's sentencing hearing. 956 F.2d 1534, 1554 (10th Cir.), *on reh'g in part*, 961 F.2d 933 (10th Cir. 1992), *and abrogated by United States v. Wells*, 519 U.S. 482 (1997).

*Haddock* is out-of-circuit authority that dealt with a prior version of the sentencing guidelines for calculating loss in fraud cases in which the appellate court reversed because of intervening precedent. It is of little to no utility here. The bank suffered an actual loss in this case, and the Court provided a thorough analysis of loss under the sentencing guidelines.

In *United States v. Allison*, 86 F.3d 940, 942 (9th Cir. 1996), the district court failed to apply a credit against loss for pre-indictment payments. The Ninth Circuit Court of Appeals found that loss was the outstanding balance on the credit cards rather than the total amount charged on the cards. *Id.* at 944.

In this case, *Allison* better supports the government's, rather than defendant's, position. The government agrees that loss is more appropriately measured as the outstanding balance on the loan, $1,442,231.25, instead of the total amount, $2.2 million.

Next, defendant cites *United States v. Smith*, 951 F.2d 1164, 1166 (10th Cir. 1991). As recognized in *United States v. Yurek*, 925 F.3d 423, 443 n.23 (10th Cir. 2019), *Smith* is no longer good law because it "relied on guideline language that was later deleted." In addition, in that case, no loans were in default and there was "no evidence of any actual loss in the record." *Smith*, 951 F.2d at 1167. Here, it is undisputed that the bank lost $1,442,231.25 on GoCR's defaulted promissory note. (PSR ¶ 40).

Defendant's final case, *United States v. Miller*, 588 F.3d 560 (8th Cir. 2009), is equally inapposite. In *Miller*, the Eighth Circuit Court of Appeals affirmed the

6

district court's finding of no loss where the government had relied on gain as a substitute measure for loss at the time of sentencing. 588 F.3d 560, 564 (8th Cir. 2009). Both the district court and the Eighth Circuit rejected the use of gain because, under the sentencing guidelines, gain can only be used as a measure of loss if there is a loss but it cannot reasonably be determined. *Id.* at 564-65. The district court found the loss could have been reasonably determined but the government had failed to do, and the Eighth Circuit agreed. *Id.* at 565-66.

Gain was not an issue here. And, unlike in *Miller*, the government proved an actual loss, $1,442,231.25, at the time of sentencing. The government also offered three alternative means of calculating loss, all of which resulted in the application of the same fourteen-level enhancement. (Doc. 37-2 at 17).

In short, none of the cases defendant cites supports his loss analysis. Defendant states that his research is necessarily "cursory" and "incomplete" at this time because of the fourteen-day deadline to appeal. Motion at 6. However, defendant has been making variations of his loss arguments since June 2022 when he filed his objections to the draft PSR. (Doc. 19.) In that time, he has not been able to muster any significant case law to support his arguments. This is further support for a finding that the question at issue is not a close one.

Defendant also argues the Court improperly shifted the burden on the loss issue to him. Motion at 4. However, the facts supporting the government's arguments on loss came from the PSR, the government's exhibits, and defendant's stipulations in his plea agreement. The facts were largely uncontested. The Court's

7

rejection of defendant's unsupported legal arguments regarding how to calculate loss does not amount to an improper shifting of the burden of proof.

Defendant, not the government, is the party ignoring an "economic reality." *See* Motion at 5. Defendant attempts to credit all of the revenue generated by Newbo Evolve, $757,768.75, against the $700,000 loss he concedes. Motion at 5-6. This completely disregards the substantial outstanding balance on the $2.2 million promissory note the lending bank issued based on defendant's fraudulent misrepresentations. Further, as the Court observed at the sentencing hearing, this argument rests on conjecture. In order to credit the $757,768.75 in revenue against only $700,000 rather than the whole $2.2 million promissory note, defendant argues that the bank was "always going to lose" $1.5 million. (Doc. 41 at 8). That claim is speculative and cannot justify the crediting scheme he proposes. Certainly, most if not all defendants would appreciate the opportunity to allocate credits against losses as they choose and in a manner that results in the lowest conceivable loss under the sentencing guidelines. However, at this juncture, it appears there is little to no chance defendant will be able to persuade the Eighth Circuit Court of Appeals to adopt this approach. Thus, there is no "close question" for appeal to support defendant's Motion.

Defendant intends to argue on appeal that there was no loss in a case in which the victim–bank suffered an actual loss of $1,442,231.25. In fact, defendant is going to argue his crime resulted in a net gain to the bank. (Doc. 41 at 8). This is, as the Court stated at the time of sentencing, absurd.

8

Accordingly, the Court should deny the Motion. Defendant has failed to establish that his appeal raises a substantial question of law or fact likely to result in a lower sentence under 18 U.S.C. § 3143(b).

## IV. CONCLUSION

As explained above, the Court should deny defendant's Motion for Release Pending Appeal.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: /s/ *Kyndra Lundquist*

KYNDRA LUNDQUIST
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
319-363-6333
Kyndra.Lundquist@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on March 7, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.
UNITED STATES ATTORNEY
BY: /s KAL